UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 3:20-CR-63 |
| v. | ) |
| | ) JUDGE CRYTZER |
| TIMOTHY CHAD CANADY | ) |

### PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, TIMOTHY CHAD CANADY, and the defendant's attorney, Jonathan Moffatt, have agreed upon the following:

1. The defendant will plead guilty to the following counts in the indictment:

    a) Count one of the indictment charging the defendant with transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1).

The punishment for this offense is a term of imprisonment of not less than five (5) years and not more than twenty (20) years; a fine of up to $250,000; a term of supervised release of five (5) years up to life ; $5,100 in special assessment fees; a $35,000.00 assessment; restitution of at least $3,000.00 per victim and forfeiture.

    b) Count four of the indictment charging the defendant with possession and access with intent to view child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

The punishment for this offense is up to twenty (20) years imprisonment; a fine of up to $250,000; a term of supervised release of five (5) years up to life; $5,100 in special assessment fees, a $17,000.00 assessment; restitution of at least $3,000.00 per victim and forfeiture.

2. In consideration of the defendant's guilty pleas, the United States agrees to move the Court at the time of sentencing to dismiss the remaining counts against the defendant in this indictment.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. Specifically, the elements of the offenses are as follows:

a) <u>Transportation of child pornography - 18 U.S.C. § 2252A(a)(1)</u>:

i) The defendant knowingly transported a visual depiction in interstate commerce by any means, including a computer;

ii) The production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

iii) That such visual depiction was of a minor engaged in sexually explicit conduct;

iv) That the defendant knew that such visual depiction was of sexually explicit conduct; and

v) The Defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

b) <u>Possession of child pornography -18 U.S.C. § 2252A(a)(5)(B)</u>:

i) The defendant knowingly possessed or accessed with intent to view material that contained an image of child pornography, as defined in 18 U.S.C. § 2256(8); and

ii) Such child pornography;

(a) Has been mailed; and/or

(b) Has been shipped or transported using any means or facility of interstate or foreign commerce; and/or

(c) Has been shipped or transported in or affecting interstate or foreign commerce; and/or

2

(d) Was produced using materials that have been mailed, shipped or transported in or affecting interstate or foreign commerce, including by computer; and

iii) The defendant knew that such items contained child pornography.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

From November of 12, 2017 through February 2020, defendant transported child pornography (CP) images and videos in the Eastern District of Tennessee.

Homeland Security Investigation (HSI)/Internet Crimes Against Children (ICAC) Knoxville received information from Dropbox, Inc.[1], that on the dates from November 12, 2017 through November 14, 2017, the email address of timcanady1103@gmail.com transported one hundred thirty three (133) digital video files that depicted CP from his Gmail account to a Dropbox, Inc. account.

HSI/ICAC Knoxville, issued an administrative subpoena to GOOGLE, INC., for subscriber information and IP history for the GOOGLE account of timcanady1103@gmail.com. GOOGLE provided the following information:

```
Name:              Tim Canady
e-Mail:            timcanady1103@gmail.com
SMS:               +18653998682 [US]
Google Account ID: 1094085065102
Last Logins:       2018/09/29-22:23:43-UTC, 2018/08/13-14:52:18-UT
```

---

[1] Dropbox, Inc. is a company that offers an internet platform that enables users to store and share photos and videos.

3

IP Address: **73.108.47.235**

The IP address **73.108.47.235** was registered to Comcast and an Administrative Subpoena was issued for subscriber information. Comcast responded to the subpoena request with the following subscriber information:

Subscriber Name: SOFIA ROTH
Service Address: 5619 NICKLE RD
KNOXVILLE, TN 37921-2242
Telephone #: (865) 406-8759

Investigation by the HSI/ICAC Knoxville revealed that defendant resided at 5619 Nickle Road, as did Sofia Roth, his sister-in-law. Defendant was receiving mail at 5619 Nickle Road. Defendant reported to his parole officer that he resided at 5619 Nickle Road, and his current cellphone number was **(865) 399-8682**. This number is the same number listed in the GOOGLE, Inc., subpoena return referenced above.

The telephone number **(865) 399-8682** was determined to be a Verizon number. A subpoena was sent to Verizon requesting subscriber information. Verizon responded to the subpoena request with the following information:

Subscriber Information:
Last Name: Canady
First Name: Tim
Account Number: 1040470131
Address: 5621 Nickle Rd
Knoxville, TN 37921

A search warrant was obtained and executed for the cell phone with the number **(865) 399-8682** which was seized from the defendant's person. A forensic examination of the phone was completed. The phone contained approximately 204 images and 5 videos of CP, which portrayed infants and toddlers and minors engaged in sadistic and masochistic acts.

4

Defendant admits that from November 12, 2017 through November 14, 2017 in the Eastern District of Tennessee, he knowingly transported in interstate commerce, CP of minors engaging in sexually explicit conduct. Defendant admits he knew such visual depictions were of sexually explicit conduct and involved minors.

Further, the defendant admits that on September 10, 2020, in the Eastern District of Tennessee, he knowingly possessed CP as defined in 18 U.S.C. § 2256(8) and such CP had been transported in or affecting interstate or foreign commerce.

5. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

    a) the right to plead not guilty;

    b) the right to a speedy and public trial by jury;

    c) the right to assistance of counsel at trial;

    d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    e) the right to confront and cross-examine witnesses against the defendant;

    f) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

    g) the right not to testify and to have that choice not used against the defendant.

6. The parties agree that the appropriate disposition of this case would be the following as to each count:

a) The Court may impose any lawful term(s) of imprisonment, any lawful fines, and any lawful terms of supervised release up to the statutory maximums;

b) The Court will impose special assessment fees as required by law; and

c) The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty pleas. The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with

6

accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

9. The items listed below were seized from the person of the defendant. The defendant agrees that the following items contain child pornography or contraband and the parties agree these items will be destroyed and will not be returned to the defendant:

    a) A Black Motorola G6 Play with IMEI number 3521 6510 1130 164, utilizing phone number 865-399-8682; and

    b) Gold Samsung J3 Mission cellular telephone with IMEI# 3563 5208 5445 711 seized on or about August 5, 2020.

10. The defendant agrees that the Court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (1) the victim(s) of any offense charged in this case (including dismissed counts); and (2) the victim(s) of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's *charged* offense(s).

11. Financial Obligations. The defendant agrees to pay all fines and/or restitution to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the

7

authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

      a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

      b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

      c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

12. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a) The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

9

13. The defendant acknowledges that the defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: (1) where the defendant resides; (2) where the defendant is employed; and (3) where the defendant is a student. The defendant understands that the requirements for registration include providing: (1) the defendant's name; (2) residence address; and (3) the names and addresses of any places where the defendant is, or will be, an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations will subject the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by imprisonment, a fine, or both.

14. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case,

10

Case 3:20-cr-00063-KAC-HBG   Document 25   Filed 03/18/21   Page 10 of 12
PageID #: 65

including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

15. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

16. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

|  |  |
|---|---|
| 3/18/21 <br> Date | J. DOUGLAS OVERBEY <br> UNITED STATES ATTORNEY <br><br> By: *(signature)* <br> Jennifer Kolman <br> Assistant United States Attorney |
| 3-10-21 <br> Date | *(signature)* <br> Timothy Chad Canady <br> Defendant |
| 3/15/21 <br> Date | *(signature)* <br> Jonathan Moffatt <br> Attorney for the Defendant |

12